UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/17/21

Samsung Electronics America, Inc.,

               Plaintiff,

–v–

Vintage Tech LLC,

               Defendant.

20-cv-10771 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

       On March 11, 2021, the Court denied Plaintiff's motion for a temporary restraining order and a preliminary injunction. The Court filed its Order under temporary seal to allow the parties to propose redactions, in light of the fact that the Order contained information that the parties might have wanted to keep confidential. After reviewing the parties' proposal, the Court will adopt the parties' proposed redactions.

       In doing so, the Court's reasoning is guided by the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under that test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. *Id*. at 119–20.

       The Court concludes that while the redacted portions of the opinion are judicial documents to which the common law presumption of access attaches in full, competing considerations warrant adoption of the limited redactions that the parties have proposed. These redactions are narrowly tailored to protect confidential and proprietary information that, if made public, could harm the parties' commercial and business interests. Courts have long recognized

that protecting from the disclosure of sensitive business information provides good cause for sealing or redacting documents.  *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998).  The potential costs to SEA and Vintage Tech, were the full details of their business relationships to be disclosed, overcome the presumption of access.

The Court's approval of these limited redactions is not based on confidentiality agreements that the parties independently reached.  "[T]he mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access." *Aioi Nissay Dowa Ins. Co. v. Prosight Specialty Mgmt. Co., Inc.*, 12-cv-3274 (JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) (internal quotation marks omitted).  The Court disagrees with the proposition in the parties' cover letter that because this is a private business dispute, there is no public interest.  That proposition is at odds with Second Circuit case law and the First Amendment.  "[T]he First Amendment does secure to the public and to the press a right of access to civil proceedings." *Westmoreland v. Columbia Broad. Sys., Inc.,* 752 F.2d 16, 23 (2d Cir. 1984).  Judicial documents are public matters, and the parties ought not assume that the Court will permit anything beyond narrowly tailored redactions that are justified independent of the parties' protective orders or confidentiality agreements.  Notwithstanding this, the appropriate standard is met here because the redactions are tailored to protecting the parties from the competitive harm that would result were the information to be made public.

The Court will thus docket its Order with the parties' proposed redactions and file the unredacted version under seal.  Plaintiff is hereby ORDERED to file the cover letter submitted with the parties' proposed redactions within 2 days of this Order.

SO ORDERED.

Dated: March 17, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge