

March 12, 2021

VIA ECF

Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  Samsung Electronics America, Inc. v. Vintage Tech, LLC
     Civil Action No. 1:20-cv-10771-AJN-SLC

Dear Judge Nathan:

This firm represents the plaintiff in the above-referenced action, Samsung Electronics America, Inc. ("SEA").  We write pursuant to your March 11, 2021 Order directing the parties to meet and confer regarding redactions (Dkt. No. 46) (the "Order").

The Order required SEA and Vintage Tech, LLC ("VT") to submit a letter to the Court proposing redactions to the Court's decision denying SEA's Motion for a Temporary Restraining Order and Preliminary Injunction ("Decision") and justifying those redactions.  On March 11, 2021, the parties met and conferred, and have agreed to certain limited redactions.  The Decision, with SEA and VT's proposed redactions highlighted in yellow, is attached hereto as Exhibit A.

As this Court knows, Vintage Tech and SEA executed a Master Services Agreement (the "2014 MSA"), pursuant to which Vintage Tech agreed to perform certain work for SEA. Subsequently, on January 1, 2017, SEA and Vintage Tech agreed to terminate the 2014 MSA, to be superseded and replaced by another Master Services Agreement (the "2017 MSA," and together with the 2014 MSA, the "MSAs").  Each of the MSAs contains provisions that require that the MSAs themselves, and information related to the terms of the MSAs or exchanged between the parties pursuant to the MSAs, be kept confidential and not disclosed other than to the parties' agents.

There is generally a presumption of the public's right to access "judicial documents," such as the Decision.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  However, "the court must balance competing considerations against [the public's interest]," including "privacy interests."  *United States ex rel. United States v. Am. Univ. of Beirut*, 718 Fed. Appx. 80, 81-82 (2d Cir. 2018) (citation omitted); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) ("the right to inspect and copy judicial records is not absolute.").  Where a "compelling interest" militates against disclosure, (*Lugosch*, 435 F.3d at 116,) sealing may be appropriate.

Specifically, redacting judicial documents is permitted in order to "preserve higher values, including the need to protect an entity from competitive injury."  *Haley v. Teachers Ins. & Annuity Ass'n of Am.*, No. 1:17-cv-00855-JPO, 2020 U.S. Dist. LEXIS 98362, at *2 (S.D.N.Y. June 4,

Rebeccca.Brazzano@ThompsonHine.com   Fax: 212.344.6101   Phone: 212.908.3928

THOMPSON HINE LLP
ATTORNEYS AT LAW
335 Madison Avenue
12th Floor
New York, New York 10017-4611
www.ThompsonHine.com
Phone: 212.344.5680
Fax: 212.344.6101



Honorable Alison J. Nathan
March 12, 2021
Page 2

2020) (citing *Lugosch*, 435 F.3d at 120); *Nixon*, 435 U.S. at 598 (sealing documents that might "harm a litigant's competitive standing"). The Second Circuit allows parties to redact filings that would otherwise result in competitive harm. *See, e.g.*, *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing court filings due to irreparable harm from disclosure of confidential business information); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact sensitive business data, strategies and policies).

SEA and VT have proposed redactions to the Decision to protect information related to the MSAs from disclosure. The MSAs contain sensitive, proprietary information concerning the parties' rights under the MSAs and financial analyses of the relevant services. If the terms became known within the relevant industry, prospective contracting partners could exploit their knowledge of those terms to SEA and/or VT's detriment. As this Court has acknowledged, competitive harm to the parties justifies redaction of judicial documents. *See, e.g.,* Order; *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (district court abused its discretion when it refused to seal information that could give a party's business partners "an advantage in contract negotiations").

This Court has recognized that disclosure of the parties' commercially sensitive information would cause them harm, and that sealing court filings was the proper means to avoid such harm. *See* Order; *Encyclopedia Brown*, 26 F. Supp. 2d at 614. As the MSAs contemplate and this Court has previously held, the only way to protect the parties' sensitive confidential information contained in the MSAs is to redact the highlighted portions of the Decision.

Finally, any limited public interest in the information is substantially outweighed by the competitive harm to both SEA and VT that would result from exposing the information contained in the MSAs. This action concerns a private dispute between businesses, whose agreements were never intended to be public. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (the "privacy interests of those resisting disclosure" weigh against the presumption of public access to judicial documents). Further, the financial and business affairs of private businesses disfavor public access. *See id.* at 1051; *cf. Doe v. Trump Corp.*, No. 18 Civ. 9936 (LGS), 2020 U.S. Dist. LEXIS 87455, at *17 (S.D.N.Y. May 18) ("As a private business dispute, this action does not give rise to a public interest in the lawsuit.").

Respectfully submitted,

*Rebecca Brazzano*

_____
Rebecca Brazzano, Esq.



Honorable Alison J. Nathan
March 12, 2021
Page 3

Rebecca.Brazzano@ThompsonHine.com
THOMPSON HINE LLP
335 Madison Avenue
New York, NY  10017
T: (212) 908-3941
F: (212) 344-6101


/s/ *Anthony Galano, III*
Anthony Galano, III, Esq.
agalano@egsllp.com
ELLENOFF GROSSMAN & SCHOLE LLP
1345 Avenue of the Americas, 11th Fl.
New York, NY 10105-0302
T: (212) 370-1300
F: (212) 370-7889